UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

KAYLA RICHMOND,

    Plaintiff,

v.

EXCLUSIVE JETS, LLC dba
flyExclusive,

    Defendant.
_____/

## COMPLAINT

Plaintiff, KAYLA RICHMOND ("Richmond"), by and through her undersigned counsel, hereby files this Complaint and sues the Defendant, EXCLUSIVE JETS, LLC dba flyExclusive ("flyExclusive") and as grounds therefor state as follows:

## NATURE OF THE ACTION

1. This action is for pregnancy discrimination brought by Kayla Richmond against her former employer, flyExclusive, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and the Florida Civil Rights Act ("FCRA").

2. Richmond timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). The EEOC undertook an investigation into Richmond's allegations and issued a Cause Finding, finding that there was reasonable cause to believe that

Richmond had been fired because of her pregnancy.  A true and correct copy of the Cause Finding is attached as Exhibit A.

3. The EEOC undertook conciliation, which failed.  The EEOC thereafter issued a Notice of Right to Sue to Richmond.  A true and correct copy of the Notice of Right to Sue is attached as Exhibit B.  This lawsuit followed within 90-days of receipt of the Notice of Right to Sue.

4. All conditions precedent to this action have been fulfilled.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"), 42 U.S.C. § 2000e *et seq*. As such, the Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's claim arising under the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.01-760.11, pursuant to 28 U.S.C. § 1367, as this claim is so related to Plaintiff's Title VII claim that it forms part of the same case or controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

## FACTUAL ALLEGATIONS

8. In or about February 2021, Richmond was hired by flyExclusive to oversee its ground and flight operations as the Palm Beach International Airport's on-site station manager. At the time, Richmond had been a professional pilot for eight years.

9. Although Richmond was not hired to be a pilot, she negotiated continuing education (recurrent) training through the company as part of her compensation package. Remaining certified as a pilot, despite her role as manager, benefitted the company as well as Richmond would be qualified to move aircraft or to cover a last-minute call out.

10. Shortly after being hired, Richmond was advised that she would not be sent to recurrent (pilot certification) training because it was not necessary for her to perform her manager role as such training was not required for her management position, as flying was not part of her essential job functions.

11. However, in June 2021, she was contacted by Senior Vice President of Operations, William Whitford, about the recurrent training. Mr. Whitford asked Richmond if she still wanted to attend training, and she readily acknowledged that she did. During this discussion, Richmond advised Mr. Whitford that she was pregnant. Mr. Whitford was not pleased, and responded, in a negative tone of voice, with an "Oh. Do you still want to go to training?" Richmond confirmed that she still wished to proceed with the training, and Mr. Whitford reluctantly agreed she could still go. In the same conversation, Mr. Whitford questioned Richmond about whether she would be able to fly after the baby was born.

12. In July 2021, Richmond attended the first segment of flight training and returned home for the weekend. She was scheduled to return to training on Monday, July 26, 2021.

13. On Sunday, July 25, 2021, Richmond was told that her continued training was canceled. She was not given a reason, but was told she would be called back

with an explanation. She reported to work as usual on Monday, July 26, 2021 and worked without incident through Thursday, July 29, 2021.

14. On Thursday afternoon, July 29, 2021, Richmond's direct supervisor Robert Cali, called her and told her that the company decided to fire her. When Richmond asked why, Mr. Cali admitted that he did not know, and that the order had come down from William Whitford.

## PARTIES

15. Richmond is a female resident of Fort Pierce, Florida.  Richmond was hired by flyExclusive to work in the Southern District of Florida, primarily stationed at the Palm Beach International Airport location, but covering the territory between Boca Raton and Vero Beach.

16. flyExclusive is the brand name for Exclusive Jets, LLC, a company headquartered in Kinston, North Carolina.  Exclusive Jets, LLC employed Richmond in the Southern District of Florida, but upon information and belief has failed to register to do business in the State of Florida.  Upon information and belief, flyExclusive has over 800 employees located across the country, including within Florida. flyExclusive is an "employer" within the meaning of Title VII and the Florida Civil Rights Act.

## COUNT I: TITLE VII PREGNANCY DISCRIMINATION
## TITLE VII

17. Richmond realleges paragraphs 1 through 16.

18. By the actions described above, flyExclusive discriminated against Richmond on the basis of her pregnancy by, inter alia, terminating her employment.

19. As a direct and proximate result of flyExclusive's discrimination, Richmond has suffered and continues to suffer, lost wages, lost benefits, and emotional distress for which she is entitled to an award of monetary damages.

20. flyExclusive's discrimination against Richmond was intentional, malicious, and/or effected with such reckless indifference to Richmond's protected rights that an award of punitive damages is appropriate.

21. Richmond is entitled to an award of attorney's fees and costs under Title VII.

## COUNT II: TITLE VII PREGNANCY DISCRIMINATION
## FLORIDA CIVIL RIGHTS ACT

22. Richmond realleges paragraphs 1 through 16.

23. By the actions described above, flyExclusive discriminated against Richmond on the basis of her pregnancy by, inter alia, terminating her employment.

24. As a direct and proximate result of flyExclusive's discrimination, Richmond has suffered and continues to suffer, lost wages, lost benefits, and emotional distress for which she is entitled to an award of monetary damages.

25. flyExclusive's discrimination against Richmond was intentional, malicious, and/or effected with such reckless indifference to Richmond's protected rights that an award of punitive damages is appropriate.

26. More than 180 days has passed since Richmond filed her charge of discrimination with the FCHR, and thus her state law claim is now ripe.

26. Richmond is entitled to an award of attorney's fees and costs under the FCRA.

**WHEREFORE**, Richmond prays that the Court enter judgment in her favor and against flyExclusive, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of Florida;

B. An injunction and order permanently restraining flyExclusive from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C. An award of damages against flyExclusive, in an amount to be determined at trial, plus prejudgment interest, to compensate Richmond for all monetary and/or economic damages, including, but not limited to, an award of back pay and loss of benefits through the date of trial and front pay and future loss of benefits if the equitable remedies of employment, reinstatement and promotion are not feasible;

D. An award of punitive damages in an amount to be determined at trial;

E. Prejudgment interest on all amounts due;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand trial by jury for all issues so triable.

Respectfully Submitted,

/s  Robyn S. Hankins
Robyn S. Hankins
Florida Bar No. 0008699
ROBYN S. HANKINS, P.L.
1217 Merlot Dr.
Palm Beach Gardens, FL 33410
Telephone: (561) 721-3890
Facsimile: (561) 721-3889
robyn@hankins-law.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, FL  33131
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Miami Status Line:  (866) 408-8075
Miami Direct Dial:  (305) 808-1740
TTY (305) 808-1742
FAX (305) 808-1758

**EEOC Charge No: 433-2021-02459**

Kayla Richmond                                              Charging Party
9800 Miller Road
Ft. Pierce, FL  34945

And

Exclusive Jets, LLC                                         Respondent
d/b/a Fly Exclusive
8524 NW 72nd Street
Miami, FL  33166

## Letter of Determination

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above-cited charge, filed under Title VII of the Civil Rights Act, as amended. Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleged that she was hired by Respondent and worked as a Station Manager in their Palm Beach location for approximately five months without any employee misconduct or job performance issues. Charging Party alleges that she was terminated and retaliated against soon after she notified her supervisor that she was pregnant and planned to stay in her position and undergo flight training at the company's expense.  Respondent denies the allegations and claims Charing Party was terminated for employee misconduct.

Having reviewed and examined the evidence, the Commission concludes that the evidence obtained in the investigation establishes Reasonable Cause to believe that Respondent retaliated and discriminated against the Charging Party based on her sex (female/pregnancy) in violation of Title VII of the 1964 Civil Rights Act, as amended.  There is reasonable cause to believe the reasons provided by Respondent for Charging Party's termination were pretextual.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.  If you wish to participate in conciliation, please email EEOC Investigator Laverne Foreshaw at laverne.foreshaw@eeoc.gov within 10 days from the date of this Letter of Determination. Please be advised that the confidentiality provisions of sections 706 and 709 of Title VII and the Commission's regulations apply to information obtained during a conciliation.

Letter of Determination
EEOC Charge No. 433-2021-02459
Page 2 of 2

When the Respondent declines to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

You are reminded that federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission's investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

8/10/2022
Date

Roberto Chavez
Acting District Director

cc:   Respondent's Representative                Charging Party's Representative
      William Barrett, Esq.                      Robyn Hankins
      Barrett Law Offices, PLLC                  Robyn Hankins Law, PLC
      5. W. Hargett Street                       4600 Military Trail
      Suite 910                                  Suite 217
      Raleigh, NC  27601                         Jupiter, FL  33458

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

# CONCILIATION FAILURE AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/14/2022

**To:** Mrs. Kayla D. Richmond
9800 Muller Rd
FORT PIERCE, FL 34945

Charge No: 433-2021-02459

EEOC Representative and email:   Laverne Foreshaw
Investigator
laverne.foreshaw@eeoc.gov

## CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 433-2021-02459.

On behalf of the Commission,

Digitally Signed By: Evangeline Hawthorne
10/14/2022
Evangeline Hawthorne
Acting Director

**Cc:**
Jennifer Mears
FLYEXCLUSIVE
2860 JETPORT RD
Kinston, NC 28504

William Barrett
Barrett Law Offices, PLLC
5 W HARGETT ST RM 910
Raleigh, NC 27601

Robyn S Hankins
LAW OFFICE OF ROBYN S. HANKINS
4600 Military Trail Ste. 217
Jupiter, FL 33458


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 433-2021-02459 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.