UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-CV-81646-AMC

KAYLA RICHMOND,

    Plaintiff,

v.

EXCLUSIVE JETS, LLC dba
flyExclusive and LGM ENTERPRISES, LLC,
dba flyExclusive,

    Defendants.
_____/

## RENEWED TIME SENSITIVE MOTION TO ALLOW ALTERNATIVE SERVICE METHOD FOR SUBPOENA FOR DEPOSITION FOR WITNESS WILLIAM WHITFORD

Plaintiff, KAYLA RICHMOND ("Richmond"), hereby files this Renewed Motion to Allow Alternative Service Method for Deposition for Witness William Whitford, and as grounds states as follows:

**I.  Background**

Plaintiff, Kayla Richmond, worked as a Station Manager for Defendants. William Whitford, the Vice President and Chief Pilot for flyExclusive, terminated Ms. Richmond's employment. Ms. Richmond contends in this lawsuit that her termination was motivated by her sex (pregnancy) in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.

The parties have agreed to August 3, 2023 for Mr. Whitford's deposition. However, because Mr. Whitford was terminated by flyExclusive, it cannot arrange for him to appear at his deposition. Thus, Plaintiff's counsel issued a subpoena duces

tecum to Mr. Whitford for his deposition. To date, multiple attempts to serve Mr. Whitford at his home address provided by Defendants have proven unsuccessful. The following attempts have been made:

7/5/2023 8:51 am Attempted service at 2836 Flagler Avenue, Key West, FL 33040 server was able to gain access front gate was open, no answer at the residence. Silver observed the gray Ford F150 truck, and a blue Toyota small SUV Florida tag 90AWLS.

7/1/2023 9:16 am Attempted service at 2836 Flagler Avenue, Key West, FL 33040 no access to community. Exterior gate is locked. No call box.

6/27/2023 4:03 pm Server sent email to billwhitford63@gmail.com to coordinate service. Server called (980) 721-2974 and there was no answer.

6/27/2023 4:53 pm Attempted service at 2836 Flagler Avenue, Key West, FL 33040 no access to gated community. There is no leasing office, and there is no callbox. No neighbors around to grant access.

6/26/2023 11:13 am Attempted service at 2836 Flagler Avenue, Key West, FL 33040 no access to the property.

6/22/2023 9:26 am Attempted service at 2836 Flagler Avenue, Key West, FL 33040 server was able to gain access to the development by someone who was taking out the trash, and there was no answer at the door of the residence. server observed two vehicles in the carport a white Jeep Florida tag 58AQBG and a blue Toyota RAV4 Florida tag 90AWLS

6/20/2023 10:54 am Attempted service at 2836 Flagler Avenue, Key West, FL 33040 no access to property server attempted calling the provided phone number for the subject wife, there was no answer. Server will attempt follow up with email To the provided email address

6/16/2023 12:29 pm Attempted service at 2836 Flagler Avenue, Key West, FL 33040 no access to gated community no answer at the call box no access or side fence (kr-CN)

6/15/2023 1:57 pm Attempted service at 2836 Flagler Avenue, Key West, FL 33040 property is protected by a large exterior fence and a gated entry access. There is a pin pad and ring camera on the exterior of the fence. Server rang and waited, no answer.

See Exhibit A, Return of Service from Process Server.

In addition to the above attempts, the undersigned has emailed and called Mr. Whitford from her office telephone without response. See Exhibit B, Declaration of Robyn S. Hankins. The undersigned emailed and texted Mr. Whitford the subpoena duces tecum.  No response was received.  At 7:34 p.m. on July 3, 2023, the undersigned telephoned Mr. Whitford from a cell phone (instead of her office line, which shows up with caller identification). Mr. Whitford answered the call.  The undersigned introduced herself, and advised Mr. Whitford of the subpoena in his email and on his text messages.  Mr. Whitford confirmed that he had received the text message with the subpoena. The undersigned asked Mr. Whitford if he was home, and he indicated he was not and was starting a new job in Wisconsin.  The undersigned asked Mr. Whitford for an address where service could be made upon him while he is in Wisconsin, and he provided the address 1822 5th Avenue, Oshkosh, WI 54901.  See Exhibit B.  A google maps search of that location reveals that it is a Fedex mail location. See Exhibit C.  On July 5, 3023, the undersigned served the subpoena via certified mail to both addresses provided for Mr. Whitford – the one provided by flyExclusive and the one provided by Mr. Whitford himself.  See Exhibit D, Notice of Service.  Finally, the undersigned tendered the witness fee to Mr. Whitford on July 5, 2023.  See Exhibit B.

In contrast, prior counsel for flyExclusive indicated that Mr. Whitford was cooperating with flyExclusive and would be produced for deposition.  See Exhibit B. However, new counsel has indicated that Mr. Whitford is a former employee and that they cannot produce him for deposition, that they have not spoken to him, and that his Key West address, telephone number, and email address are all the most current information that they have.

Mr. Whitford, the sole decision maker in Ms. Richmond's termination, is a key witness in this case. He lives more than 100 miles from the Fort Pierce courthouse (where this case will be tried), and thus may only be subject to a trial subpoena if he chooses to cooperate with flyExclusive (which Mr. Barrett indicated was anticipated). flyExclusive has indicated that it may call Mr. Whitford at trial, and may subpoena him for deposition. It is essential that Mr. Whitford, who is aware of and has received the subpoena duces tecum through email and text message (which he confirmed receiving), and who has been provided the subpoena duces tecum to his address provided by Defendants and the address he provided on July 3, 2023, be deposed in this case.

Given the many personal service attempts and his reluctance to answer calls from the undersigned's office or the process server, it appears that he is not willing to cooperate with personal service of the subpoena (particularly since he provided only a mail drop location for his service address). It would be highly prejudicial to Plaintiff to allow Mr. Whitford to avoid being deposed, while at the same time allowing Defendants to call him as a witness at trial should he voluntarily appear on behalf of Defendants. As a result, Plaintiff Richmond respectfully requests this Court to allow alternative service of the subpoena for deposition in this case via email and text message, along with certified mail, which has been accomplished prior to this Motion being filed, or another alternative means that does not require Mr. Whitford to be personally served by a process server.

## **MEMORANDUM OF LAW**

*Rule 45(b)(1), Fed.R.Civ.P.,* provides that "[s]erving a subpoena requires delivering a copy to the named person." Rule 45 does not specifically require personal

service, but rather simply requires "delivering a copy" of the subpoena. *In BG Strategic Advisors, LLC v. Freighthub, Inc.*, 2023 U.S. Dist. LEXIS 3880 *; 2023 WL 114864 (S.D.Fla. January 6, 2023), Magistrate Judge Matthewman succinctly stated:

> [S]ubstantial recent authority from federal courts in Florida support that *Rule 45* does not require personal service . . . [but instead] requires service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC, 330 F.R.D. 613, 615 (S.D. Fla. 2019)*.
>
> The Court joins the ranks of the aforementioned "substantial recent authority" in finding that *Rule 45* does not, in fact, require personal service, but instead requires "service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc., 330 F.R.D. at 615*. In this regard, the Court finds *In re Falcon Air Express, Inc., No. 06-11877-BKC, 2008 Bankr. LEXIS 1463, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008)* persuasive. In that case, noting that *Rule 45(b)(1)*'s usage of the word "delivering" was ambiguous, the Court stated that such language "should be considered in the context of other provisions of *Rule 45*, 'as well as other federal rules.'" *See 2008 Bankr. LEXIS 1463, [WL] at *2* (quoting *Bank of Okla. N.A. v. Arnold, No. 06-CV-543, 2008 U.S. Dist. LEXIS 12677, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008)*). To this end, the Court stated that "[a]n interpretation of *Rule 45* which allows for alternative methods of service . . . comports with the rules and canons of statutory interpretation, as permitting methods of service other than through personal service will avoid rendering other provisions as surplusage or [as] superfluous language." *2008 U.S. Dist. LEXIS 12677, [WL] at *3*. This is a logical and common-sense interpretation which this Court adopts.
>
> For example, the Court noted that "[r]eading *Rule 45(b)(1)* as allowing only personal service of the subpoena would render the statement regarding the 'manner of service' in *45(b)[(4)]* superfluous." *2008 U.S. Dist. LEXIS 12677, [WL] at *2*. Moreover, the Court noted that, "if *Rule 45* was read as requiring personal service, 'the language of *Rule 4(e)(2)(A)* requiring that "delivering" a copy of the summons and complaint be done "personally" would be pure surplusage.'" *Id.* (quoting *Bank of Okla., N.A., 2008 U.S. Dist. LEXIS 12677, 2008 WL 482860, at *3*). And, the Court noted that interpreting *Rule 45* as requiring personal service "would result in the standard of service of a nonparty witness subpoena being more rigorous than the service required for a summons and complaint." *2008 U.S. Dist. LEXIS 12677, [WL] at *3*.
>
> The Court agrees with such analysis and finds that interpreting the "delivering a copy" language contained within *Rule 45(b)(1)* as requiring *personal service* would render other provisions of the Federal Rules of Civil Procedure as mere surplusage. Had the drafters of the Federal Rules of Civil Procedure intended personal service alone, they clearly knew how to do so. *See Fed. R. Civ. P.*

> *4(e)(2)(A)* (stating that an individual may be served by "delivering a copy of the summons and of the complaint *to the individual personally*" (emphasis added)). Further, the Court finds that interpreting such language as requiring *personal service* would be inappropriate under the facts of this case, as such an interpretation would be violative of *Rule 1*'s assertion that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." <u>Fed. R. Civ. P. 1</u>.

Although Rule 45 may not require personal service, in an abundance of caution, the undersigned seeks approval from this Court to permit service upon Mr. Whitford for his deposition via email and text message. *See Saadi v. Pierre A Maroun & Maroun's Int'l, LLC*, 2021 U.S. Dist. LEXIS 258625 (M.D.Fla. March 22, 2021) ("Even though personal delivery of a subpoena may not be required to effect service under *Rule 45*, a party may nevertheless preemptively seek an order permitting alternative means of service."). *See also Rainey v. Taylor, 2019 U.S. Dist. LEXIS 72138, 2019 WL 1922000, at \*2 (S.D. Fla. Apr. 30, 2019)* (finding that electronic service of a subpoena was proper after diligent attempts at personal service failed and the recipient received actual notice of the subpoena).

The deposition in this matter has been scheduled by agreement of the parties' counsel for August 3, 2023. Given the multiple attempts at service that have been ineffective, along with Mr. Whitford's ignoring of all attempts at communicating with him by the undersigned and the process server (in contrast to his cooperation with Defendants' former counsel), along with his answering the undersigned's phone call and indicating that he had in fact received the subpoena in his text messages, it would be appropriate to permit an alternative methodology for service of the subpoena for his deposition. Thus, Plaintiff respectfully requests this Court to allow an alternative methodology for service of Mr. Whitford's subpoena duces tecum and suggests that

email and text service, where Mr. Whitford has confirmed receipt of same, is appropriate to provide Mr. Whitford notice of his deposition and command his appearance at deposition.

WHEREFORE, Plaintiff Kayla Richmond respectfully requests this Court to grant this Motion to allow an alternative method for service of process of the subpoena duces tecum on Mr. Whitford and specifically permit electronic transmission for such subpoena.

CONFERRAL CERTIFICATION:  The undersigned represents that she has conferred with counsel for Defendants on many occasions regarding Mr. Whitford apparently avoiding service of process, and three separate occasions regarding Defendants' position regarding this Motion.  Counsel for Defendants has indicated that Defendants object to the relief requested in this Motion. In light of the short period of time left in discovery and the need to have Mr. Whitford's deposition completed timely, the undersigned is constrained to file this Motion at this time and respectfully requests this Court to treat this Motion as a time sensitive matter.

Respectfully Submitted,

/s  Robyn S. Hankins
Robyn S. Hankins
Florida Bar No. 0008699
ROBYN S. HANKINS, P.L.
1217 Merlot Dr.
Palm Beach Gardens, FL 33410
Telephone: (561) 721-3890
Facsimile: (561) 721-3889
robyn@hankins-law.com

## CERTIFICATE OF SERVICE

The foregoing has been served on July 6, 2023 through the CM/ECF filing system on:

| | |
|---|---|
| **SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.**<br><br>Zebulon D. Anderson<br>N.C. Bar No. 20831<br>Danielle B. Dobosz<br>N.C. Bar. No. 59293<br>Post Office Box 2611<br>Raleigh, North Carolina 27602-2611<br>Telephone: (919) 821-1220<br>zanderson@smithlaw.com<br>ddobosz@smithlaw.com<br>Attorneys for Defendants<br><br>-and-<br><br>**DEAN, MEAD, EGERTON, BLOODWORTH, CAPOUANO & BOZARTH, P.A.**<br>Nichole M. Mooney<br>Florida Bar No. 57908<br>420 S. Orange Ave., Suite 700<br>Orlando, Florida 32801<br>Telephone: (407) 841-1200<br>nmooney@deanmead.com<br>kgazboda@deanmead.com<br>Attorneys for Defendants | |

EXHIBIT A TO MOTION FOR LEAVE TO FILE
GOOGLE MAPS OF
ADDRESS PROVIDED BY WHITFORD